FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-000870-BNB

FREDERICK D. ROBINSON, III,

    Applicant,

v.

TOM CLEMENTS, Executive Director of Prisons, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Frederick D. Robinson, is a state prisoner and currently is incarcerated at the Colorado Department of Corrections facility in Sterling, Colorado. On April 4, 2011, Mr. Robinson, acting *pro se*, submitted to the Court an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the Application liberally because Mr. Robinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

In an order entered on May 16, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those affirmative defenses in this action. On June 2, 2011, Respondents filed their Pre-Answer Response. Mr. Robinson filed a Reply on August 8, 2011.

Respondents assert in the Pre-Answer Response that Mr. Robinson previously sought relief pursuant to 28 U.S.C. § 2254 in this Court regarding the same State of Colorado criminal conviction that he challenges in the instant action. *See Robinson v. Ortiz, et al.*, No. 05-cv-00976-WDM-MJW (D. Colo. July 14, 2008). Mr. Robinson does not deny the assertion. Upon review of Case No. 05-cv-00976, the Court finds that the prior § 2254 action was dismissed in part on the merits and in part as procedurally barred from federal habeas review. Therefore, the instant § 2254 action is a second or successive motion and will be dismissed for the following reasons.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Robinson must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

2

The claims in the instant action, like the claims Mr. Robinson asserted in his previous § 2254 action, are barred either for lack of merit, as procedurally barred, or as time-barred under 28 U.S.C. § 2244(d). Even if the claims were found to have merit, Mr. Robinson fails to demonstrate that the claims are based on either newly discovered evidence, a new rule of constitutional law, or were untimely due to a state caused impediment. See § 2244(d). Also, it was clear when this action was filed that the Court lacked jurisdiction. A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied for lack of jurisdiction, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Robinson has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __13th__ day of __September__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00870-BNB

Frederick D Robinson
Prisoner No. 85004
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 13, 2011.

                              GREGORY C. LANGHAM, CLERK

                By: _____
                                  Deputy Clerk